1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SLOAN HEFFRON (CABN 285347)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6730
7      Fax: (415) 436-7027
       Sloan.heffron@usdoj.gov
8
   Attorneys for United States of America
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,              ) NO. CR 19-00137 EMC
                                           )
14         Plaintiff,                      )
                                           ) [PROPOSED] ORDER EXCLUDING TIME
15     v.                                  ) UNDER THE SPEEDY TRIAL ACT FROM MAY
                                           ) 1, 2019, THROUGH MAY 8, 2019
16  LUIS VILLARREAL,                       )
                                           )
17  a/k/a Luis Villarrealguzman,           )
    a/k/a Luis Villareal-Guzman,           )
18                                         )
           Defendant.                      )
19  _____)

20      The parties appeared before the Court on May 1, 2019, for a status conference. The defendant

21  was present and represented by Assistant Federal Public Defender Daniel Blank, who appeared for the

22  defendant's attorney of record, Assistant Federal Public Defender Gabriela Bischof. Assistant United

23  States Attorney Sloan Heffron appeared for the government.

24      Mr. Heffron stated that discovery has been provided to the defense, and that he understood that

25  Ms. Bischof would like this case to be put over one week for further status conference and possibly a

26  change of plea. Mr. Blank stated that his understanding was as Mr. Heffron described. The parties

27  agreed to return before the Court on May 8, 2019, at 2:30 p.m. for a status conference / change of plea,

28  and further agreed that time should be excluded under the Speedy Trial Act from May 1, 2019, through

May 8, 2019, to ensure continuity of counsel and the effective preparation of counsel.

Based on the assertions and agreement of the parties on May 1, 2019, as described herein, and for good cause shown, the Court finds that failing to exclude time from May 1, 2019, through May 8, 2019, would unreasonably deny the defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time between May 1, 2019, and May 8, 2019, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, IT IS HEREBY ORDERED that the time from May 1, 2019, through May 8, 2019, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: __May 2, 2019__

_____
HON. EDWARD M. CHEN
United States District Judge